The Chief Justice

delivered the Opinion of the Court:
Francis Sims filed a bill in chancery against Henry Canary, John Watts, and Thomas B. Hughes, administrator of John Hughes, deceased, praying for a decree exonerating him from a judgment which had been obtained for the benefit of the said Watts and the said decedent, for about two hundred dollars, against Caleb Hedges, as principal, and himself as surety, on a guardian’s bond, given by Hedges as the guardian of the said Canary, and praying also for an injunction against further proceedings on the said judgment, and on an execution which had been issued thereon, and was then levied on his property chiefly — because, as the bill alleged; after a prior execution of fieri facias had been delivered to *369 the proper officer, and operated as a lien on estate of said Hedges then sufficient to discharge the debt, the said Watts and Hughes had, without the consent of Sims, granted indulgence to Hedges; in consequence whereof, the execution was returned, and no other process was issued until after Hedges had become totally and hopelessly insolvent.
Held that, tho’ the indorsement on the subpœna, as made by the clerk, seems to cover the whole judgt. and though the compt. if he had prayed for and obtained an injunction as to the whole debt, and had given bond accordingly would have been liable, by the bond for the very debt from which he sought relief, augmented by interest, damages &c. yet the condition of the bond, in this case, is in accordance with the prayer of the bill, and the order for the injunction; imports only that the obligor has obtained an injunction as to himself, and was bound to pay &c. only in case of a dissolution as to him, and was not broken by the discharge of the injunction as to the principal; and the action, therefore, cannot be maintained.
A Circuit Judge ordered an injunction “according to the prayer of the bill.” Sims executed an injunction bond, with a condition reciting that lie had “obtained an injunction to stay all further proceedings upon a judgment obtained against him, in the Washington Circuit Court, for two hundred dollars besides interest and costs,”- and stipulating for the payment of the judgment, and all damages which might be assessed in the event of the dissolution of that injunction. And the clerk endorsed on the subpœna that all further proceedings on the judgment had been enjoined.
Upon the final hearing of that suit in chancery, the injunction was “discharged” as to Hedges, and perpetuated as to the complainant, Sims; and that decree having been affirmed by this Court, an action was brought against Sims, on his injunction bond; and a dissolution of the injunction as to Hedges alone, was averred. After a demurrer to the declaration had been overruled, and demurrers to several pleas had been sustained, the jury, sworn to try an issue on a plea of covenants performed, was instructed, in effect, to find a verdict against Sims; and thereupon, a verdict and judgment were rendered against him accordingly, for the amount demanded in the declaration.
The case thus presented for revision, is certainly anomalous; and if; as urged by the counsel for the appellees, the law operating in its remedial agency according to prescribed forms and inflexible rules, demand an affirmance, it might be truly charged with perverting, in this case, the ultimate end of all law.
*370 But, in our judgment, the principles of the law, rightly understood and applied, neither require nor authorize the affirmance of the judgment now sought to be reversed. Though it might appear rather singular that Sims, in obtaining just relief from the judgment, should, in the very act of success, incur an obligation for the same debt greatly augmented by interest, costs and damages; yet, had he and the Judge who ordered the injunction, intended to enjoin the creditors from enforcing the judgment against Hedges, as well as himself, and had the injunction bond applied to both of them, and stipulated for liability in the event of a dissolution as to both, or either of them, Sims would, undoubtedly, have been responsible upon a dissolution as to Hedges, even though he had succeeded in a perpetuation of the injunction as to himself.
But the converse of all this may be understood from the record.
The bill showed that Sims’ only object was to obtain relief for himself, and to enjoin the judgment as to himself alone, and it showed, also, that Hedges had no pretence to any relief, and was therefore not even' made a party. It was the interest and the wish of Sims, that there should be no delay as to Hedges, but that the judgment should be enforced against him as soon as possible; and there can be no doubt, that a restraining order as to the surety alone, would not have obstructed the creditors in proceeding by execution, against the principal, issued conformably with the judgment, but showing, by endorsement, the fact that, as to the surety, there was an injunction. It is evident, therefore, that Sims did not intend to enjoin the judgment as to’ Hedges; and consequently, it might not be unreasonable to construe the comprehensive prayer for an injunction' against the judgment, without qualification, as intending only such an injunction as the preceding allegations of the bill indicated and asserted a right to. And this interpretation of the prayer, and of the judicial order upon it, would be fortified by the fact,that the Circuit Judge did not dissolve, but only discharged, the injunction as to Hedges, because, as we must presume, he was of the' opinion that the clerk had im *371 providently made it apply, in fact, to Hedges, as well as to Sims, and that, therefore, there should be no dissolution with damages, but a discharge merely.
But, however this may be, the bond upon which the action is brought, will not sustain the judgment.
If the prayer for an injunction and the judicial order therefor, when considered by themselves, should be admitted to import a suspension of all the proceedings on the judgment for enforcing it against Hedges, as well as Sims, still there is no liability in this case beyond the-legal import and effect of the injunction bond, And the condition of the bond clearly imports that Sims had enjoined the judgment against himself only, and that he was to be bound by the bond in the event only of a dissolution of that injunction as to himself. Besides, even if the injunction, as thus recited in the bond, could be applied to Hedges, nevertheless, as Sims’ liability depended, according to the literal condition, upon a dissolution of the injunction as granted, a discharge of the injunction as to Hedges, and a perpetuation of it as to Sims, could not be deemed such a dissolution of that injunction as the bond contemplated and provided for. The injunction, as granted, was never either dissolved or discharged. Wherefore, as the party insisting on the bond can have nothing more than the bond, we are of the opinion that the action in this case cannot be sustained; and that the Circuit Judge erred in not sustaining the demurrer to the declaration.
Wherefore, the judgment is reversed, and the cause remanded.