*Owsley & Goodloe* for plaintiff.

---

COVENANT.

Case 73.

April 12.

The case stated.

## Bank of Commonwealth *vs* Patterson.

ERROR TO THE RUSSELL CIRCUIT.

*Sureties.   Release.   Injunction.*

JUDGE BRECK delivered the opinion of the Court.

IN 1837, the defendant in error exhibited his bill in the Russell Circuit Court, against the plaintiffs in error,

prayed for and obtained an injunction to stay and enjoin the plaintiffs and all others from further proceedings on a judgment at law, rendered by said Court in their favor, and against the said Patterson, &c., for two hundred and twelve dollars and eight cents, with interest and costs.

Afterwards, in 1841, on motion of Patterson, the Russell Circuit Court, by its order, declared and adjudged the said Patterson released as security in a replevin bond, in which John Lane was principal, dated the 11th April, 1831, for $212 08, payable to the President and Directors of the Bank of the Commonwealth of Kentucky. This order was made upon the ground that the plaintiffs in the replevin bond had failed to sue out execution thereon for more than twelve months after the same became due.

The plaintiffs in error, upon the injunction bond of Patterson, brought an action of covenant, averring in the declaration, that the injunction had been dissolved with damages and costs, &c.

This suit was brought in 1843. The defendant plead that the bond declared on was executed to enable said Patterson, upon filing his bill in the Russell Circuit Court, to enjoin the collection of a replevin bond in favor of plaintiffs against John Lane as principal, and the defendant as security, dated on the 11th April, 1831, for the sum of $212 08, and which was still in the office of the Russell Circuit Court; that before the date of the injunction bond declared on, the plaintiffs had failed, for more than one year, to issue execution on said replevin bond, and that he, the said Patterson, was thereby released from all liability to pay the same—the plea then sets forth the order of the Russell Circuit Court, adjudging him, the defendant, released from all liability on said replevin bond. The plea further avers the payment of the damages and costs awarded the plaintiffs by the decree in the declaration mentioned, and before plaintiffs commenced their action.

To this plea the plaintiffs replied; the defendant demurred to the replication, and the Court sustained the demurrer, and rendered judgment for the defendant; to reverse which, the plaintiffs prosecute this writ of error.

BANK COM'TH.
vs
PATTERSON.

Question for decision.

The surety in a replevin bond on his bill filed, enjoined the collection of a replevy bond as to the principal as well as himself, and is released by the judgment of the Court, because execution had not issued on the replevy bond for twelve months, but is sued on the injunction bond and pleads these facts. Held that the plea presents no bar to his liability on the injunction bond.

The sufficiency of the defendant's plea, which is brought up by the demurrer to the plaintiff's replication, is the main question for consideration. The record of the Chancery suit in which the bond sued on was given, is not copied into the record now before us. Of the object of that suit; the matters involved; the extent of the injunction prayed for and obtained, and when the suit was finally disposed of, we can only learn from the recitals in the injunction bond, the averments by the plaintiffs in their declaration, and from the defendant's plea.

From the recitals in the bond it appears "that the said Patterson had prayed for and obtained from Enoch Yantiss and Abner Jones, two Justices of the Peace in Russell county, authorized to grant injunctions, &c., an injunction in Chancery, to stay and enjoin the President and Directors, &c. from further proceedings on a judgment at law, &c., in favor of the said President and Directors against said Patterson, &c., for $212 08. The defendant in his plea, avers in effect, the replevin bond in which he was security, and in which John Lane was principal, to be the judgment enjoined, and to enable him to enjoin which he executed the bond sued on.

Now, conceding that the defendant was released from all liability as a party to said judgment or replevin bond, would such release be a bar to the recovery upon the injunction bond? If the injunction had stayed and enjoined proceedings upon the judgment or replevin bond against Patterson *alone,* we are of the opinion it would be a bar to the action upon the injunction bond, so far as a recovery was sought for the amount of the replevin bond. But the injunction went further—it was to stay and enjoin the plaintiffs from all further proceedings upon the judgment, and thereby restraining them from proceeding against Lane, the principal in the bond. To render the bar complete, Lane should also be released from all liability upon the bond or judgment.

If, as in case of *Sims* vs *Canary,* (9 *Dana,* 368,) the injunction had been perpetuated as to Patterson and dissolved as to Lane, would the former be thereby exonerated from all liability upon the injunction bond? Judging alone from what appears in this record, he would not.

The present attitude of Patterson is not, so far as it appears, more favorable. We are, therefore, of opinion that the plea is insufficient.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the demurrer to plaintiff's replication to defendant's plea, and unless the defendant shall amend his plea or file other sufficient pleas, to render a judgment for plaintiff.

*Cates & Lindsey* for Bank: *Owsley & Goodloe* for defendant.